UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
VICTORIA McMILLAN,

                Plaintiff,

         -against-                      **AMENDED COMPLAINT**

CAPITAL ONE BANK, N.A.,
CAPITAL ONE BANK (USA), N.A.,         1:20-cv-7981 (NRB)
MELODY YOUNG,
CHINIKA McDONALD,                  Plaintiff Demands A
YOLANDA REYES,                        Trial By Jury
THE CITY OF NEW YORK and
NYPD LT. ANTHONY BURGIO,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, by her attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

## THE PARTIES AND JURISDICTION

        1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

        2. That at all times herein mentioned, defendant Capital One Bank, N.A., also known as Capital One, N.A. (hereinafter "Capital One"), was and is a U.S. Chartered Bank authorized to do business in the State of New York and regularly conducting business in the State of New York.

        3. That at all times herein mentioned, defendant Capital One Bank (USA), N.A. (hereinafter "Capital One USA"), was and is a U.S. Chartered Bank authorized to do business in the State of New York and regularly conducting business in the State of New York.

4. That at all times herein mentioned, defendant Melody Young (hereinafter "Young") was and is employed by Capital One.

5. That at all times herein mentioned, Young was acting within the course and scope of her employment with Capital one.

6. That at all times herein mentioned, Young was and is employed by Capital One USA.

7. That at all times herein mentioned, Young was acting within the course and scope of her employment with Capital One USA.

8. That at all times herein mentioned, defendant Chinika McDonald (hereinafter "McDonald") was and is employed by Capital One.

9. That at all times herein mentioned, McDonald was acting within the course and scope of her employment with Capital One.

10. That at all times herein mentioned, McDonald was and is employed by Capital One USA.

11. That at all times herein mentioned, McDonald was acting within the course and scope of her employment with Capital One USA.

12. That at all times herein mentioned, defendant Yolanda Reyes (hereinafter "Reyes") was and is employed by Capital One.

13. That at all times herein mentioned, Reyes was acting within the course and scope of her employment with Capital One.

14. That at all times herein mentioned, Reyes was and is employed by Capital One USA.

15. That at all times herein mentioned, Reyes was acting within the course and scope of her employment with Capital One USA.

16. That at all times herein mentioned, defendant The City of New York (hereinafter "the City") was and is a municipal corporation, organized and existing under and by virtue of the laws of the State of New York.

17. That at all times herein mentioned, the City operated, controlled, and maintained a police force known as the New York Police Department (hereinafter "the NYPD").

18. That at all times herein mentioned, defendant NYPD Lt. Anthony Burgio (hereinafter "Burgio") was and is employed as a lieutenant with the NYPD.

19. That at all times herein mentioned, Burgio was acting within the course and scope of his employment as a lieutenant with the NYPD.

20. That at all times herein mentioned, Burgio was acting under color of state law.

21. That prior to the institution of this action and within ninety (90) days from the dates when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with defendants City and Burgio on behalf of plaintiff; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and defendants have neglected and/or refused to make adjustment or payment thereon, and this action is being commenced within one year and ninety days after the causes of action accrued herein.

22. That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1981 and 42 USC § 1983 and alleges violations of plaintiff's federal civil and constitutional rights, including rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**FACTS**

23. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

24. That at all times herein mentioned, Capital One owned, operated, managed, and maintained a bank located at 175 West 72nd Street, New York, NY (hereinafter "the bank").

25. That at all times herein mentioned, Capital One USA owned, operated, managed, and maintained the bank.

26. That at all times herein mentioned, Capital One, as owner, operator, manager, and maintainer of the bank, had a duty to exercise reasonable case to prevent injury or harm to persons lawfully within and upon the premises of the bank.

27. That at all times herein mentioned, Capital One USA, as owner, operator, manager, and maintainer of the bank, had a duty to exercise reasonable case to prevent injury or harm to persons lawfully within and upon the premises of the bank.

28. That at all times herein mentioned, the bank was a place or provider of public accommodation, within the meaning of NYC Administrative Code § 8-107.

29. That at all times herein mentioned, plaintiff, who is African American, resided in Manhattan and also worked as an esthetician at a Manhattan business that she owned and operated.

30. That at all times herein mentioned, plaintiff had no criminal record.

31. That at all times herein mentioned, plaintiff was and for a number of years had been a customer of Capital One, and had maintained one or more accounts (business and personal) at the bank.

32. That at all times herein mentioned, plaintiff was and for a number of years had been a customer of Capital One USA, and had maintained one or more accounts (business and personal) at the bank.

33. That at all times herein mentioned, plaintiff was and for a number of years had been the holder of a credit card issued by Capital One, and as a credit card holder had engaged in numerous financial transactions with Capital One.

34. That at all times herein mentioned, plaintiff was and for a number of years had been the holder of a credit card issued by Capital One USA, and as a credit card holder had engaged in numerous financial transactions with Capital One USA.

35. That on or about June 8, 2020, plaintiff was lawfully within and upon the premises of the bank as a customer and account holder of the bank.

36. That while plaintiff was lawfully within and upon the premises of the bank, she waited on line, was then called to a teller's window by a bank employee, and then handed that employee her Capital One credit card and $500 in cash and requested that the employee use the cash to pay down a portion of plaintiff's credit card balance.

37. That the bank employee then advised plaintiff that she was not able to locate plaintiff's name in the system or confirm that plaintiff had a credit card account with the bank.

38. That in response to the bank employee's statement, plaintiff expressed her annoyance at the employee, told her that she had had the same credit card account for nearly thirteen years, showed her the Capital One app that plaintiff had on her cellular phone, and again asked the bank employee to apply the $500 to pay down a portion of her credit card balance.

39. That despite being handed plaintiff's credit card and $500 in cash, and being shown the Capital One app that was on plaintiff's cellular phone, the bank employee told plaintiff

that she would have to show her some additional identification before the transaction could be completed.

40. That in response to this statement, plaintiff presented the bank employee with her passport and continued to express her annoyance at the bank employee, stating that she had never previously had a similar issue at the bank.

41. That after presenting her passport and demonstrating that she was a Capital One customer, plaintiff further advised the bank employee that she also wanted to make a cash withdrawal from her bank account, and she handed the bank employee a note and explained that the note set forth the manner in which she wanted the withdrawal to be made.

42. That the note which plaintiff handed to the bank employee stated the amount of the requested withdrawal ($4,800) and the denominations (hundred dollar bills) in which she wanted the withdrawal to be paid. To avoid drawing the attention of others in the bank, not associated with the transaction, to the amount of the withdrawal, plaintiff's note also requested that the bank employee not count the money out loud. Plaintiff's note read as follows:

> *Withdrawal for $4,800.   Hundreds Only Please*
> *No Balance Please*
> *Please count quietly.  I will follow as you count.  Thank you.*

43. That at the time she made this request of the bank employee, plaintiff had funds in her account far in excess of the $4,800 that she sought to withdraw.

44. That on other occasions prior to June 8, 2020, plaintiff had, without any difficulty, issues, or problems, withdrawn cash from the bank utilizing the same method of handing a note to the bank teller with plaintiff's request as to how the money should be provided to her.

45. That on June 8, 2020 there was nothing about the note or plaintiff's conduct that would lead a reasonable, properly-trained bank employee to believe that plaintiff was attempting to engage in anything other than a legitimate transaction at a bank at which she had an account, much less that plaintiff was attempting to rob the bank.

46. That while plaintiff was engaged in the aforementioned transaction with the bank, employees of the bank, including but not limited to Young, McDonald, and Reyes (hereinafter "the bank employees"), falsely reported to the NYPD that plaintiff was attempting to rob the bank, and they requested that the police respond to the bank.

47. That the bank employees did not have probable cause, reasonable suspicion, or a reasonable belief that plaintiff was attempting to rob the bank or was otherwise engaged in or about to engage in any criminal activity, or that plaintiff otherwise posed an imminent threat to person or property.

48. That the bank employees failed to exercise reasonable care in their assessment as to whether plaintiff was attempting to rob the bank or otherwise engage in or about to engage in any criminal activity, or that plaintiff otherwise posed an imminent threat to person or property.

49. That the actions of the bank employees were motivated by and due to, at least in part, plaintiff's perceived race, color, national origin, ancestry and/or citizenship status.

50. That the actions of the bank employees were motivated by and due to, at least in part, spite against plaintiff for what the bank employees perceived to be plaintiff's expressions of annoyance at the conduct of the bank employee with whom she had interacted.

51. That the bank employees were not privileged in making the aforesaid accusations against plaintiff, and those accusations were of the type that would subject plaintiff to public shame and ridicule.

52. That in response to the actions of the bank employees, members of the NYPD, including but not limited to Burgio (hereinafter referred to collectively as "the police officers"), arrived at the bank.

53. That Burgio was the senior officer on the scene and directed all of the activities of the police officers who responded to the bank.

54. That upon arriving at the bank, some of the police officers, without warning, confronted plaintiff with firearms drawn, forcibly seized plaintiff, twisted plaintiff's arms, handcuffed plaintiff, and otherwise used force against plaintiff that was excessive and without justification.

55. That after forcibly seizing plaintiff, the police officers arrested plaintiff without a warrant and without probable cause to believe that plaintiff had committed or was about to commit any crime.

56. That prior to plaintiff's arrest, the bank employees failed to advise the police of evidence that would have exculpated plaintiff and would have vitiated even any arguable probable cause to believe that plaintiff had attempted to rob the bank, including but not limited to the facts that a) plaintiff was a longtime customer of the bank; b) plaintiff confirmed her identity to the bank employee by presenting her passport and her Capital One app; c) plaintiff handed cash to the bank employee and requested that the employee apply the cash to pay down a credit card that had been issued to plaintiff by the bank; and d) plaintiff told that bank that she wished to

make a cash withdrawal and explained to the bank employee that the note she handed to her set forth the manner in which she wanted the withdrawal to be made.

57. That in arresting plaintiff, the police officers deliberately failed to conduct even the most rudimentary investigation that easily and immediately would have revealed that plaintiff did not attempt to rob the bank and did not otherwise engage or attempt to engage in any criminal activity.

58. That in arresting plaintiff, the police officers recklessly and/or willfully ignored evidence that immediately would have exculpated plaintiff and would have vitiated even any arguable probable cause that may have arisen from the bank employees' bald and baseless accusation that plaintiff had attempted to rob the bank.

59. That among the evidence that was ignored by the police officers were a) plaintiff's own explanation to the police officers as to the nature of her interaction with the bank; b) plaintiff's Capital One credit card that was in the possession of the bank employees, and which demonstrated that plaintiff was a Capital One customer; c) the bank's own records, which plaintiff implored the police officers to review and which demonstrated that plaintiff was an account holder of the bank and had more than sufficient funds in her account to cover the $4,800 that she attempted to withdraw; and d) the bank's own videotape recording of the transaction, which plaintiff implored the officers to review and which depicted the nature of the transaction between plaintiff and the bank.

60. That plaintiff also told the officers that she was a local business woman, and she provided the officers with the name of her business and asked that they do an internet search to confirm her status as a local business woman.

61. That in response to plaintiff's request, the officers did conduct an internet search while at the bank and then verbally acknowledged that the search documented that plaintiff was a local business woman.

62. That while still at the scene, the police officers also conducted a search of plaintiff's person, which revealed that plaintiff was not in possession of any weapons or contraband, and was not in possession of anything that even arguably could have assisted her in attempting to rob a bank.

63. That despite the foregoing, the officers continued forcibly to detain plaintiff in handcuffs and thereafter forcibly transferred plaintiff to a police precinct where they kept her imprisoned inside a jail cell.

64. That after they forcibly transferred and confined plaintiff to the precinct and jail cell, the officers for the first time reviewed the evidence that had immediately been available to them at the bank and that they could have and should have reviewed at the bank to assess whether there existed probable cause to arrest and imprison plaintiff.

65. That the evidence which the police officers belatedly reviewed demonstrated that there did not exist probable cause to arrest plaintiff for bank robbery or for any other crime or criminal violation.

66. That after the police officers belatedly reviewed the evidence, plaintiff was released from custody without any criminal charges being brought against her.

67. That at all times herein mentioned, Burgio observed the actions of his fellow officers in using excessive force against and falsely arresting and imprisoning plaintiff.

68. That while Burgio had a reasonable opportunity to intervene to prevent and/or stop the unlawful and unconstitutional conduct of his fellow officers, he intentionally failed and refused to do so, and instead authorized and directed the arrest and detention of plaintiff.

69. That as a result of defendants' actions, plaintiff suffered physical and emotional injuries, endured and continues to endure pain and suffering and loss of enjoyment of life, incurred and will continue to incur medical expenses and other economic and pecuniary loss, and has been otherwise damaged.

70. That the actions of defendants herein were intentional and malicious in nature.

71. That all of the causes of action herein fall within one or more of the exceptions to Article 16 of New York's Civil Practice Law & Rules with respect to joint and several liability.

### FIRST CAUSE OF ACTION AGAINST CAPITAL ONE, CAPITAL ONE USA, YOUNG, MCDONALD, AND REYES
(42 U.S.C. § 1981)

72. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

73. That the aforesaid actions of Capital One, Capital One USA, Young, McDonald, and Reyes caused plaintiff to be deprived of the same right to make and enforce contracts and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and to be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, and entitle plaintiff to recover damages from these defendants pursuant to 42 U.S.C. § 1981.

**SECOND CAUSE OF ACTION AGAINST CAPITAL ONE, CAPITAL ONE USA, YOUNG, MCDONALD, AND REYES**
(NYC Administrative Code § 8-107)

74. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

75. That the aforesaid actions of Capital One, Capital One USA, Young, McDonald, and Reyes were due, in part, to plaintiff's perceived race, color, national origin, ancestry and/or citizenship, and therefore were violations of NYC Administrative Code § 8-107.

**THIRD CAUSE OF ACTION AGAINST CAPITAL ONE, CAPITAL ONE USA, YOUNG, MCDONALD, AND REYES**
(NY Civil Rights Law § 79-n)

76. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

77. That the aforesaid actions of Capital One, Capital One USA, Young, McDonald, and Reyes were due, in part, to plaintiff's perceived race, color, national origin, ancestry and/or citizenship, and therefore were violations of NY Civil Rights Law § 79-n.

**FOURTH CAUSE OF ACTION AGAINST CAPITAL ONE, CAPITAL ONE USA, YOUNG, MCDONALD, AND REYES**
(False Arrest/False Imprisonment)

78. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

79. That the aforesaid actions of Capital One, Capital One USA, Young, McDonald, and Reyes in knowingly making false statements to members of the NYPD about plaintiff's conduct, thereby causing and/or contributing to plaintiff's arrest and imprisonment,

render Capital One, Capital One USA, Young, McDonald, and Reyes liable for the false arrest and false imprisonment of plaintiff.

### FIFTH CAUSE OF ACTION AGAINST CAPITAL ONE, CAPITAL ONE USA, YOUNG, MCDONALD, AND REYES
(Negligence)

80. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

81. That the aforesaid actions of Capital One, Capital One USA, Young, McDonald, and Reyes constitute negligence and failure to exercise reasonable care for the safety of plaintiff, a lawful customer on the bank's premises.

### SIXTH CAUSE OF ACTION AGAINST CAPITAL ONE, CAPITAL ONE USA, YOUNG, MCDONALD, AND REYES
(Defamation)

82. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

83. That the aforesaid actions of Capital One, Capital One USA, Young, McDonald, and Reyes in making false statements and accusations against plaintiff and accusing plaintiff of having engaged in criminal activity constitute defamation.

### SEVENTH CAUSE OF ACTION AGAINST CAPITAL ONE, CAPITAL ONE USA, YOUNG, MCDONALD, AND REYES
(Prima Facie Tort)

84. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

85. That in the event the Court or a jury determines that the actions of these

defendants were not unlawful, plaintiff maintains that said actions nevertheless were intended by these defendants to harm plaintiff, were without any excuse or justification, and resulted in special damages (i.e. pecuniary loss) to plaintiff.

86. That the aforementioned actions of these defendants therefore would constitute a prima facie tort.

### **EIGHTH CAUSE OF ACTION AGAINST CAPITAL ONE and CAPITAL ONE USA**
(Negligent Hiring, Training, Supervision, and Retention)

87. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

88. That the aforesaid actions by Young, McDonald, and Reyes and the other involved bank employees, and the resulting injuries to plaintiff, followed and were the result of the negligence of Capital One and Capital One USA in their hiring, training, supervision, and retention of Young, McDonald, and Reyes and the other involved bank employees.

### **NINTH CAUSE OF ACTION AGAINST THE CITY and BURGIO**
(False Arrest/False Imprisonment Under NY State Law)

89. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

90. That the aforesaid actions of Burgio and the other policer officers constitute a false arrest and false imprisonment of plaintiff, for which Burgio and the other police officers are liable under New York law and for which the City is vicariously liable under the doctrine of respondeat superior.

## TENTH CAUSE OF ACTION AGAINST THE CITY and BURGIO
(Assault and Battery Under NY State Law)

91. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

92. That the aforesaid actions of Burgio and the other policer officers constitute an assault and battery of plaintiff, for which Burgio and the other police officers are liable under New York law and for which the City is vicariously liable under the doctrine of respondeat superior.

## ELEVENTH CAUSE OF ACTION AGAINST BURGIO
(42 U.S.C. § 1983: Fourth, Fifth and Fourteenth Amendment Violations,
Based on Assault and Battery and False Arrest/Imprisonment)

93. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

94. That the aforesaid actions by Burgio in assaulting and battering and improperly causing the detention, search, arrest, and imprisonment of plaintiff and/or in directing that officers under his supervision engage in those activities, constitute unreasonable and illegal searches and seizures of plaintiff in violation of the proscription against unreasonable searches and seizures contained in the Fourth Amendment to the U.S. Constitution, a denial of liberty of plaintiff without due process of law in violation of the Fifth Amendment to the U.S. Constitution, and an abridgement of the privileges and immunities of plaintiff, a denial of liberty of plaintiff without due process of law, and a denial of equal protection to plaintiff in violation of the Fourteenth Amendment to the U.S. Constitution, and entitle plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

## TWELFTH CAUSE OF ACTION AGAINST BURGIO
(42 U.S.C. § 1983: Fourth, Fifth and Fourteenth Amendment Violations,
Based on Failure to Intervene)

95. Plaintiff repeats and realleges each and every allegation contained above as though fully set forth at length herein.

96. That to the extent Burgio did not directly participate in or direct the aforementioned actions of the police officers, the aforesaid actions by Burgio in failing to intervene to prevent and/or stop the aforesaid improper conduct by his fellow officers render Burgio liable for the aforementioned constitutional violations and resulting injuries to plaintiff, and entitle plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

WHEREFORE, plaintiff demands judgment against defendants on the foregoing causes of action in the form of compensatory damages in an amount that exceeds the jurisdictional limitations of all lower courts that otherwise would have jurisdiction over this matter, and plaintiff also demands punitive damages against defendants in an amount that exceeds the jurisdictional limitations of all lower courts that otherwise would have jurisdiction over this matter, and plaintiff also demands attorney's fees against defendants pursuant to 42 USC §§ 1981, 1983 and 1988, and the costs and disbursements of this action.

Dated:  New York, New York
        February 12, 2021

                                    SIVIN, MILLER & ROCHE, LLP

                                    By *Edward Sivin*
                                    _____
                                    Edward Sivin
                                    Attorneys for Plaintiff
                                    20 Vesey Street, Suite 1400
                                    New York, NY  10007
                                    (212) 349-0300