UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

VICTORIA MCMILLAN,

                Plaintiff,

vs.

CAPITAL ONE BANK, N.A., CAPITAL ONE
BANK (USA), N.A., MELODY YOUNG, CHINIKA
MCDONALD, and YOLANDA REYES,

                Defendants.

---------------------------------------------------------------x

Case No.: 20-cv-07981-NRB

**PROPOSED STIPULATED
CONFIDENTIALITY ORDER**

WHEREAS, this case necessarily involves or may involve confidential financial, bank, credit, and medical information; Personally Identifiable Information (PII); and trade secrets, proprietary data or commercially sensitive information. Accordingly, because of the strict federal laws governing the disclosure of such information and the parties' rights to protect such information from disclosure, a protective order is necessary to protect the information, the parties, and others who may need to be exposed to or review the information.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel and by any non-party that, by itself or through its counsel, agrees to the terms of this Confidentiality Order, that the production and disclosure of confidential information in this action be governed by the following terms and conditions:

1.     <u>Scope.</u> All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents") shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the United States District Courts for the Southern and Eastern Districts of New

York ("Local Rules") and the Federal Rules of Civil Procedure on matters of procedure and calculation of time.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER". The term "Confidential Information" as used herein shall specifically include, but not be limited to, documents containing any of the following types of "Confidential Information":

(a) information that reveals trade secrets or confidential and proprietary information;

(b) research, technical, commercial or financial information that the party has maintained as confidential;

(c) medical information concerning any individual;

(d) PII such as credit card numbers, account numbers or Social Security numbers;

(e) non-public income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

(f) personnel or employment records of any person who is a party to the case;

(g) personnel or employment records of a person who is not a party to the case;

(h) financial and/or customer information; or

(i) to the extent that a party—including any third party that produces documents in response to a discovery request, subpoena, or Court order in this action—produces account records of Defendants' customers, including the account(s) of any party that may be at issue in this litigation, those records may be produced as Confidential Information. Such production is deemed by the Court to fall within the exceptions set forth in 15 U.S.C. § 6802(e)(2), (3), and (8) of the Gramm-Leach-Bliley Act.

Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation.**

   **A.** A party or non-party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Any copies that are made of any document marked "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked.

   **B.** The designation of a document as Confidential Information is a certification by an attorney, non-party or a party appearing *pro se* that the document contains Confidential Information as defined in this Order.

4. **Depositions.** Deposition testimony is protected by this Order if designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" within thirty (30) days after receipt of the deposition transcript or on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(B) and the deponent. Upon being informed that certain portions of a deposition are to be designated as Confidential Information, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraph 5(B).

5. **Protection of Confidential Material.**

A. **General Provisions.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph B for any purpose whatsoever other than in this litigation, including any appeal thereof.

B. **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(12). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) **Counsel.** Counsel for the parties, employees of counsel who have responsibility for the action, and in-house counsel for the parties;

(2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **The Court and its personnel;**

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged to assist in this litigation in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

(7) **Witnesses at depositions.** During their depositions, witnesses may be shown or examined on any information, document or thing designated Confidential Information if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) **Author or recipient.** The author or recipient of the document (not including person who received the document in the course of litigation), and any other person indicated on the face of the document as having received a copy;

(9) **Arbitrators and Mediators.** Any mediator or arbitrator that the parties engage in this matter or that this Court appoints;

(10) **Insurers.** Insurers of the parties;

(11) **Witnesses.** Witnesses or potential witnesses contacted by counsel in good faith, but only for the purpose of obtaining evidence or testimony for any deposition, hearing, trial or other proceeding in this litigation;

(12) **Others by Consent.** Other persons only by express written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

C. **Obligations of Receiving Counsel.** Prior to disclosing or displaying any Confidential Information to any person, counsel must: (1) inform the person of the confidential

nature of the information or documents; (2) inform the person that the Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and (3) for persons receiving such material as set forth in Paragraphs 5(B)(5)-(7) (applicable only to non-party deponents), 5(B)(9), and 5(B)(12) above, require each such person receiving to sign a Non-Disclosure Agreement to be bound by this Order in the form attached as Exhibit A. Any person receiving Confidential Information shall not reveal or discuss information to or with any person not entitled to receive such information under the terms hereof.

   **D.** **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 70 days after the termination of the case.

   6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

   7. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must

comply with the procedures of the Clerk's Office, this Court's Chambers Rules or as otherwise advised by this Court's Chambers as to documents to be filed under seal.

8. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or documents as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

   A. **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within seven (7) business days.

   B. **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a request and/or motion within ten (10) calendar days of the failed attempt to resolve the dispute, unless the parties stipulate in writing to a different time, in accordance with the Local Rules and this Court's chambers rules that identifies the challenged material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be in accordance with the Local Rules and this Court's chambers rules. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing in this action. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial in this action shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information, at least three (3) days before the trial or hearing. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

   A. If a receiving party is served with a subpoena, court order or a request for information in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) days after receiving the subpoena, order or request and shall furnish counsel with a copy of the subpoena, court order or a request for information. Such notification must include a copy of the subpoena or court order.

   B. The receiving party also must immediately inform in writing the party who caused the subpoena, order or request to issue that some or all of the material covered by the

subpoena, order or request is the subject of this Order. In addition, the receiving party must deliver a copy of this order promptly to the party that caused the subpoena, order or request to issue.

    **C.** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena, order or request issued. The designating party shall bear the burden and the expense of seeking protection in that court or forum of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13.** **No Prejudice.**

Agreeing to this Order, producing or receiving Confidential Information, or otherwise complying with the terms of this Order, will *not:*

(a) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery;

(b) prejudice the rights of a party to seek protection from requests for production of information or material that the party considers to be objectionable on other grounds;

(c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced;

(d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or

(e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Order with respect to any particular information or material.

The procedures set forth herein shall not affect the rights of the parties to object to discovery on any grounds under the Federal Rules of Civil Procedure, or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.

14. **Obligations on Conclusion of Litigation.**

    A.    Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    B.    Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 3(A), shall be returned to the producing party unless:

(1) the parties agree to destruction to the extent practicable in lieu of return;

(2) the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential information contained in deposition transcripts or drafts or final expert reports; or

(3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim or summarize portions of Confidential Information, and one complete set of all documents filed with the Court including

those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

      C.    **Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.    **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    **Persons Bound.** This Order shall be binding on all counsel of record and their law firms and the parties hereto from the date of execution, and persons made subject to this Order by its terms notwithstanding the date of entry of this Order by the Court.

**SO ORDERED.**

Dated: June 14, 2023

                                              Honorable Naomi Reice Buchwald,
                                              United States District Judge

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

SIVIN, MILLER & ROCHE, LLP

*[signature]*

~~Edward Sivin, Esq~~ Clyde Rastetter, Esq.
SIVIN, MILLER & ROCHE, LLP
20 Vesey Street Suite 1400
New York, NY 10007
(212) 349-0300
esivin@sivinandmiller.com

*Attorneys for Plaintiff*
*Victoria McMillan*

Dated: June 10, 2022

MCGUIREWOODS LLP

*[signature]*

Stephen G. Foresta
Aleksandra Kaplun
MCGUIREWOODS LLP
1251 Avenue of the Americas, 20th Floor
New York, NY 10020-1104
(212) 548-2100
sforesta@mcguirewoods.com
akaplun@mcguirewoods.com

*Attorneys for Defendants Capital One,*
*N.A., Capital One Bank (USA), N.A.,*
*Melody Young, Chinika McDonald, and*
*Yolanda Reyes*

Dated: June 13, 2022